ARABELLA METHOT MASSICOTTE et al., appellants,

*v.*

HOMER METHOT et al., respondents.

[Decided November 16th, 1916.]

Property transferred to residuary legatees by a trust deed executed contemporaneously with the testator's will cannot be considered as part of testator's property on an application for allowing counsel fees.

---

On motion for counsel fees.

*Mr. Ralph E. Lum,* for the applicants.

*Mr. Edmund B. Wilson* and *Mr. Gilbert Collins, contra.*

STEVENS, VICE-ORDINARY.

This is an application for counsel fees. The orphans court allowed $2,500 for counsel fees and disbursements. The disbursements alone are stated to have amounted to over $2,600. Of these $1,973.10 are, I think, properly allowable. This leaves $527 for counsel fees. It is said that twelve days were spent in

Canada in the taking of depositions and that the trial lasted twenty-three days. Besides this there was necessarily time spent in preparation for trial and argument. Obviously, $527 was not an adequate allowance, if the appellants were entitled to any allowance at all, as the orphans court found they were. The estate is said to amount to about $60,000. The appellants contend that because, contemporaneously with the execution of the will, a trust deed was executed, the effect of which was to give to the residuary legatee under the will an estate exceeding four hundred thousand dollars, I should take this into account and consider the estate as one of half a million. There is no controversy pending over the validity of the trust deed and the orphans court had nothing to do with it. The property transferred thereby cannot be regarded as part of testator's estate.

Having regard to the amount disposed of by the will, and the very unusual features of the case, requiring and justifying an exhaustive inquiry, I think that the appellants should be allowed, in addition to their expenses ($1,973.10), a counsel fee of $3,-000. I am not prepared to say that the parties were not entitled to an appeal, and I therefore think that there should be an additional allowance of $1,500 in this court and the costs of printing.